FILED
13 August 14 P3:44
Kelly Ashmore
District Clerk
Grayson County

NO. CV-13-1509

| | | |
|---|---|---|
| JOEL STRINGFELLOW, Plaintiff, | § § § § | IN THE DISTRICT COURT |
| V. | § § § | 59th JUDICIAL DISTRICT |
| APPLIED INDUSTRIAL TECHNOLOGIES, ET AL., Defendants. | § § § § | GRAYSON COUNTY, TEXAS |

**PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Joel Stringfellow, hereinafter called Plaintiff, complaining of and about Applied Industrial Technologies, The Goodyear Tire & Rubber Co., Veyance Technologies, Inc., and John Doe Corporation, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends that discovery be conducted under Discovery Level 2.

### II. PARTIES

Plaintiff, Joel Stringfellow, is an individual residing in Denison, Texas.

Defendant, Applied Industrial Technologies, is a Foreign For-Profit Corporation that may be served with process to its Registered Agent, CT Corporation System, 350 N. Saint Paul St., Ste. 2900, Dallas, Texas 75201.

Defendant, The Goodyear Tire & Rubber Co., is a Foreign For-Profit Corporation that may be served with process to its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

Defendant, Veyance Technologies, Inc., is a Foreign For-Profit Corporation that may be served with process to its Registered Agent, CT Corporation System, 350 N. Saint Paul St., Ste. 2900, Dallas, Texas 75201.

Defendant, John Doe Corporation, is an entity whose identity and whereabouts are currently unknown.

### III. JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this Court.

The Court has jurisdiction over the parties because Defendants are doing business in Texas.

Venue in Grayson County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because this county was the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

### IV. TEXAS RULE 47 STATEMENT

Plaintiff seeks monetary relief over $1,000,000.

### V. FACTS

Plaintiff was at all material times an employee of North Texas Sand Farm, Inc. (the "Employer"). The Employer purchased a rubber conveyor belt from Defendant, Applied Industrial Technologies, Inc. ("AIT"), on or about August 9, 2011, for installation by Plaintiff on Employer's conveyor. AIT represented the conveyor belt was manufactured by The Goodyear Tire & Rubber Co. ("Goodyear") and identified same on its invoice, however it failed to provide a Goodyear manual or other instructions to either Plaintiff or Employer for installation. AIT marketed the conveyor belt as a belt manufactured by Goodyear, but upon information and belief, the conveyor belt may have been produced instead by Veyance Technologies, Inc.

("Veyance"), or an unknown manufacturer, named herein as John Doe Corporation ("Doe").

On or about August 15, 2011, Plaintiff assisted in the threading of the conveyor belt onto a conveyor. Plaintiff had experience threading conveyor belts such as the one referenced herein, and Plaintiff believed the conveyor belt was a high-quality Goodyear belt, as represented by AIT. As the rubber belt was being pulled through the conveyor threads, one of the vice clamps used to grip the belt discharged and flew toward Plaintiff, bashing his head and causing serious skull and orbital fractures, permanent blindness in one eye and other head injuries. A trail of compromise on the conveyor belt was apparent where the vice clamp was ejected from the belt.

Either Goodyear, Veyance or Doe was responsible for designing, manufacturing, creating, producing, testing, studying, inspecting, labeling, packaging, marketing, advertising, selling, promoting, and distributing the conveyor belt. As such, Goodyear, Veyance or Doe had control over the design, manufacture, creation, production, testing, studying, inspection, labeling, packaging, marketing, advertising, sale, promotion and distribution of the conveyor belt.

The conveyor belt was intended for purchase and use by members of the public, and as a result of the efforts of Goodyear, Veyance or Doe, the conveyor belt was sold or otherwise delivered for use to consumers in the general public.

The conveyor belt posed a substantial and unreasonable risk of danger and injury because the material was likely to compromise and tear during installation, the conveyor belt was not manufactured, designed or marketed properly, the conveyor belt was not safe and could not be installed as safely as an ordinary consumer would expect, and the conveyor belt did not adequately or sufficiently maintain its integrity during installation.

When the conveyor belt was installed by Plaintiff, it was used in the manner and for the purposes which it was intended and it was in the same condition as it had been when it left Defendants' possession.

Moreover, but for the representations by AIT that the conveyor belt was a high-quality product manufactured by Goodyear, Plaintiff would not have installed the conveyor belt.

Plaintiff has suffered serious injuries and associated damages as a direct result of the conveyor belt, including but not limited to severe pain and suffering, physical injuries, disability, significant disfigurement, loss of capacity for the enjoyment of life, extended hospital stays and related expenses, medical and nursing care treatment, loss of earnings, loss of ability to earn money in the future, embarrassment, mental anguish, and a shortened life span. Plaintiff's injuries are likely to continue into the future and require significant additional medical treatment, further surgeries, hospitalization, medical expenses and economic losses in the future.

## VI. Causes of Action

Plaintiff repeats and realleges the factual allegations contained in the above paragraphs as if set forth fully herein.

### Fraud of AIT

Upon information and belief, AIT engaged in fraud, by representing that the conveyor belt was manufactured by Goodyear, when it was actually an inferior product manufactured by Veyance or Doe. Further, AIT represented the conveyor belt was suitable for installation by Plaintiff on the Employer's conveyor belt.

AIT's representations were material and AIT's representations were false statements of fact. AIT made the false representations knowing they were false, intending for the Employer and Plaintiff to rely on the false representations. Plaintiff relied on AIT's false representations

when he installed the conveyor belt on Employer's conveyor.

AIT's fraud directly and proximately caused injury to Plaintiff, which resulted in the damages identified in the "Damages" section of this Petition.

### NEGLIGENCE AND NEGLIGENT MISREPRESENTATION OF AIT

In the alternative to the fraud claim asserted hereinabove, AIT was negligent and made negligent misrepresentations.

AIT had a duty to provide a high quality Goodyear brand conveyor belt to the Employer for installation by Plaintiff. AIT breached that duty by providing an inferior quality conveyor belt manufactured by Doe, instead of a Goodyear conveyor belt. The breach directly and proximately caused injury to Plaintiff, which resulted in the damages identified in the "Damages" section of this Petition.

Further, AIT provided information in the course of its business; namely, that the conveyor belt was manufactured by Goodyear. Upon information and belief, this information was false and AIT failed to exercise reasonable care or competence in obtaining or communicating the information. Plaintiff justifiably relied on the information and suffered damages identified in the "Damages" section of this Petition that were proximately caused by his reliance on the false information.

### NEGLIGENCE OF GOODYEAR AND DOE

Goodyear, Veyance or Doe introduced the conveyor belt described herein into the stream of commerce. At all material times, Goodyear, Veyance or Doe had a duty to Plaintiff to exercise reasonable care in order to properly design, manufacture, produce, test, study, inspect, label, market, advertise, sell, promote, and distribute the conveyor belt. That includes a duty to warn of the risks, dangers and adverse events associated with installation of the conveyor belt.

Goodyear, Veyance or Doe knew, or in the exercise of reasonable care should have known, that the conveyor belt was of such nature that it was not properly designed, manufactured, produced, tested, studied, inspected, labeled, marketed, advertised, or promoted, and was sold without sufficient warnings or instructions such that the conveyor belt was likely to cause injury to those who were installing it on a conveyor, such as Plaintiff.

Goodyear, Veyance or Doe was negligent in the design, manufacture, production, testing, study, inspection, labeling, marketing, advertising, sales, promotion and distribution of the conveyor belts and breached duties they owed as set forth herein. In particular, Goodyear, Veyance or Doe:

a. Failed to use due care in the design, manufacture, inspection, labeling, marketing, promotion, and sale of the conveyor belt to prevent the aforementioned risks to those installing the conveyor belt, to avoid an unsafe finished product;

b. Failed to conduct adequate testing and research to determine whether the conveyor belt was safe and proper for the purpose for which it was designed, manufactured and sold;

c. Failed to accompany the conveyor belt with proper warnings regarding the risks of complications associated with the installation of the conveyor belt and the comparative severity and duration of such complications;

d. Failed to adequately warn Plaintiff about the consequences, risks and adverse events caused by the conveyor belt installation; and

e. Were otherwise careless and negligent.

Goodyear, Veyance or Doe knew or should have known that the conveyor belt caused unreasonable harm that many users, including Plaintiff, would be unable to remedy by any means. Despite this, Goodyear, Veyance or Doe continued to promote and market the conveyor belt knowing there were safer products available. It was foreseeable to Goodyear, Veyance or Doe that consumers, including Plaintiff, would suffer injury as a result of the failure of

Goodyear, Veyance or Doe to exercise ordinary care as described herein. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the injuries and damages specified herein.

### STRICT LIABILITY (FAILURE TO WARN)

Defendants manufactured and/or supplied the conveyor belt described herein and at all material times were in the business of doing so. They placed the conveyor belt into the stream of commerce. The conveyor belt was expected to and did, reach Plaintiff without substantial change in its condition.

When Defendants placed the conveyor belt into the stream of commerce, it was defective and unreasonably dangerous when put to its intended and reasonably anticipated use. Further, Defendants failed to accompany the conveyor belt with adequate warnings of its dangerous propensities that were either known or reasonably scientifically knowable at the time of manufacture and distribution.

Defendants failed to warn Plaintiff of the known or knowable true risks and dangers and of the scope and severity of the potential dangers of the conveyor belt.

The reasonably foreseeable use of the conveyor belt involved significant dangers not readily obvious to the ordinary user of the conveyor belt. Plaintiff did not know at the time of use of the conveyor belt of the existence of defects in the conveyor belt.

Had Defendants provided adequate warnings and instructions, Plaintiff would not have suffered the personal injuries he did. Plaintiff suffered injuries and damages specified herein as a direct result of Defendants' failure to warn.

### STRICT LIABILITY (DESIGN, MANUFACTURING, AND MARKETING DEFECT)

Defendants manufactured and/or supplied the conveyor belt described herein and at all material times were in the business of doing so. Defendants placed the conveyor belt into the stream of commerce. The conveyor belt was expected to and did, reach Plaintiff without substantial change in its condition.

At time the conveyor belt left Defendants' hands, it was in a condition not contemplated by Plaintiff. Specifically, it was defectively designed and unreasonably dangerous for its ordinary and foreseeable use. Safer alternative designs existed and were economically and technologically feasible.

The risks associated with the use of the conveyor belt outweighed its utility.

At the time of manufacture, the likelihood the conveyor belt would cause the Plaintiff's harm or similar harms coupled with the seriousness of those harms, outweighed Defendants' burden in designing a product that would have prevented those harms.

The conveyor belt varied from its designed specifications and was defectively manufactured.

Each of the defects referenced above were a producing cause of Plaintiff's injuries and damages specified herein.

### VII. DAMAGES

Plaintiff seeks all damages to which he is entitled at law for personal, emotional, economic, and physical injuries sustained in the past as well as those damages he will continue to sustain in the future as a result of the occurrence in question.

Plaintiff has suffered personal injuries and is entitled to damages, including but not limited to:

   a. Medical and pharmaceutical expenses, past and future;

   b. Loss of earning capacity, past and future;

   c. Physical pain and suffering, past and future;

   d. Mental anguish, past and future;

   e. Disfigurement, past and future;

   f. Physical impairment, past and future; and,

   g. Medical and pecuniary losses in the past and future.

Plaintiff seeks all damages to which he is entitled at law and equity for the physical, emotional, and economic damages which he has sustained in the past and will sustain in the future.

### VIII. JURY DEMAND

Plaintiff requests a trial by jury on all counts.

### IX. REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### X. PRAYER

WHEREFORE, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; reasonable and necessary attorney fees; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

*[signature]*

Matthew R. McCarley
Texas Bar No. 24041426
mmccarley@theringmccarley.com
**Daniel R. Thering**
Texas Bar No. 24042023
thering@theringmccarley.com
**Audra L. Mayberry**
Texas Bar No. 24068615
mayberry@theringmccarley.com

THERING MCCARLEY, PLLC
2801 Network Blvd., Suite 820
Frisco, Texas 75034
Tel. (972) 668-7123
Fax (972) 668-7143

ATTORNEYS FOR PLAINTIFF
JOEL STRINGFELLOW